LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Proposed Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

ARUZE GAMING AMERICA, INC.,

  Debtor.

Case No. 23-10356-abl
Chapter 11

***AMENDED*[1] EMERGENCY *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME TO HEAR DEBTOR'S INITIAL EMERGENCY MOTIONS**

Aruze Gaming America, Inc., a Nevada corporation, as debtor and debtor in possession (the "Debtor"), submits its *ex parte* application (the "Application") for an order shortening time to hear the following initial emergency "first day" motions (collectively, the "Initial Motions") filed in Debtor's chapter 11 bankruptcy case:

  1.  *Emergency Motion to Approve Yugo Kinoshita as Designated Responsible Person in its Chapter 11 Case* [ECF No. 10];

  2.  *Emergency Motion for Order Authorizing, but not Directing, the Debtor to: (i) Pay Prepetition Employee Wages, Salaries, and Compensation, Employee Benefit Contributions, and Reimbursement of Business Expenses; and (ii) Authorizing all Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations* [ECF No. 11];

  3.  *Emergency Motion for Entry of an Order Authorizing: (I) Continued*

---

[1] This application is being amended to remove the reference of a Chapter 11 Subchapter V case.

*Use of Existing Cash Management System, (II) Maintenance of Existing Bank Accounts, and Honoring of Certain Prepetition Obligations Related Thereto; and (III) Continued Use of Business Forms and Granting Related Relief* [ECF No. 12];

4. *Emergency Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 366: (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service, (II) Deeming the Utility Providers Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Requests for Additional Adequate Assurance* [ECF No. 13]; and

5. *Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, and 506, and Fed. R. Bankr. P. 4001(b) for Entry of Interim and Final Orders (A)(I) Authorizing the Use of Cash Collateral, and (II) Granting Related Relief, and (B) Scheduling a Final Hearing* [ECF No. 15];

Additionally, the Debtor is filing an *Omnibus Declaration of Yugo Kinoshita in Support of Debtor's Initial Emergency Motions, and Related Relief* in support of the Initial Motions.

This Application is made and based upon Fed. R. Bakr. P. 9006, Local Rule 9006, the following points and authorities, the *Declaration of Matthew C. Zirzow, Esq.* (the "Zirzow Declaration") included herein, the *Attorney Information Sheet* filed contemporaneously herewith, and the papers and pleading on file herein, judicial notice of which is respectfully requested.

## Declaration of Matthew C. Zirzow, Esq. in Support of
## *Ex Parte* Application for Order Shortening Time

I, Matthew C. Zirzow, Esq., declare as follows:

1. I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so. I am a shareholder with the law firm of Larson & Zirzow, LLC, proposed general bankruptcy counsel for the Debtor in the above captioned bankruptcy case, and duly licensed to practice law in the State of Nevada.

2. Information regarding the Debtor's Business and its reasons for filing for bankruptcy protection are in the Omnibus Declaration. The Debtor is requesting that the Initial Motions be heard on shortened time and on an emergency basis as necessary to the ongoing operation of the Business post-petition, to stabilize its operations, and to allow for a successful reorganization. In particular, the Debtor has a payroll that must be paid on Friday, February 10, 2023, and must be funded in advance to its payroll processing company and also get its bank accounts with Wells Fargo unfrozen before then in order to have the money released, and thus

requests an emergency hearing by **no later than Thursday, February 9, 2023, or sooner if at all possible**.

3.  The Initial Motions present various typical emergency relief that chapter 11 debtors require at the outset of a chapter 11 bankruptcy case, including the following: (a) continuing use of alleged cash collateral; (b) authorization to continue to use its existing cash management systems; (c) procedures and protections with respect to utility providers; and (d) designation of the responsible person.

4.  Counsel anticipates that the hearings on the Initial Motions will take about 90 minutes of the Court's time. Counsel has been communicated and all principal parties have already secured counsel, as reflected in the attorney information sheet.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

DATED: February 6, 2023.

        /s/ Matthew C. Zirzow
MATTHEW C. ZIRZOW, ESQ.

### Legal Argument

Section 105, title 11 of the United States Code (the "Bankruptcy Code") allows this Court to issue such orders as are necessary to carry out the provisions of this title. Bankruptcy Rule 9006(c)(1) permits a Bankruptcy Court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by an affidavit stating the reasons for an expedited hearing. As set forth in the Zirzow Declaration and the Omnibus Declaration, there are compelling reasons for an expedited interim hearing on

the Initial Motions.

Local Rule 9006 requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice and how notice was provided or attempted to be provided. An Attorney Information Sheet was filed contemporaneously with this Application.

### Conclusion

WHEREFORE, the Debtor requests that the Court grant this Application and issue an Order Shortening Time to hear the Initial Motions.

DATED: February 6, 2023.

By: ⎯⎯/s/ Matthew C. Zirzow⎯⎯⎯⎯⎯
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Proposed Attorneys for Debtor