SCHWARTZ LAW, PLLC
SAMUEL A. SCHWARTZ, SBN 10985
saschwartz@nvfirm.com
GABRIELLE A. HAMM, SBN 11588
ghamm@nvfirm.com
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations

| ORI KATZ *(pro hac vice)* | JENNIFER L. NASSIRI *(pro hac vice)* |
|---|---|
|   Cal. Bar No. 209561 |   Cal. Bar No. 209796 |
| JEANNIE KIM *(pro hac vice)* | 1901 Avenue of Stars, Suite 1600 |
|   Cal. Bar No. 270713 | Los Angeles, CA 90067 |
| Four Embarcadero Center, 17th Floor | Telephone:   310.228.3700 |
| San Francisco, California 94111-4109 | Facsimile:   310.228.3701 |
| Telephone:   415.434.9100 | E-mail:   jnassiri@sheppardmullin.com |
| Facsimile:   415.434.3947 | |
| E mail   okatz@sheppardmullin.com | |
|      jekim@sheppardmullin.com | |

Proposed Counsel for the Official
Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re | Case No. 23-10356-ABL |
|---|---|
| | Chapter 11 |
| ARUZE GAMING AMERICA, INC., | |
| Debtor(s). | Hearing Date:   April 19, 2023 |
| | Hearing Time:   1:30 p.m. |

**APPLICATION FOR ORDER AUTHORIZING AND APPROVING THE
RETENTION AND EMPLOYMENT SCHWARTZ LAW, PLLC AS CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

    The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned bankruptcy case (the "Case") of Aruze Gaming America, Inc. (the "Debtor"), by and through its proposed co-counsel, hereby submits this application (the "Application"), pursuant to Sections 328(a) and 1103 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[1] for the entry of an order authorizing the Committee to retain and employ Schwartz Law, PLLC ("Schwartz Law" or the "Firm") as co-counsel to the Committee, on an hourly basis, effective as of February 22, 2023.

This Application is made and based upon the points and authorities below, the declaration of Samuel A. Schwartz, Esq. (the "Schwartz Declaration"), filed contemporaneously herewith, the papers and pleadings on file herein, judicial notice of which is hereby respectfully requested, and any oral argument the Court may entertain at the hearing on the Application.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(e)(2). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (b)(2)(O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On February 1, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage its assets and financial affairs as a debtor in possession under Sections 1107(a) and 1108 of the Bankruptcy Code. Neither a Chapter 11 trustee nor an examiner has been appointed in this Case.

3. On February 17, 2023, pursuant to Bankruptcy Code Section 1102(a), the Office of the United States Trustee for Region 17 (the "UST"), which includes the District of Nevada, appointed creditors Bartlit Beck LLP, Gaming Laboratories International, Klarquist Sparkman, LLC[2] and JCM American Corporation to serve on the Committee. *See Appointment of Official Committee of Unsecured Creditors* [ECF No. 71].

4. On February 22, 2023, the Committee determined to retain Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") as its lead bankruptcy counsel and Schwartz Law, as Nevada counsel. Schwartz Law and Sheppard Mullin intend to coordinate their representation

---

[1] Unless otherwise stated, all references to "Chapter" and "Section" herein shall be to the Bankruptcy Code; all references to a "Bankruptcy Rule" shall refer to the Bankruptcy Rules, and all references to "Local Rule" or "LR" shall refer to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada.

[2] After the Committee's formation and selection of counsel, the UST filed the *Amended Appointment of Official Committee of Unsecured Creditors* [ECF No. 103], which removed Klarquist Sparkman, LLC from the Committee.

2

of the Committee in order to minimize unnecessary duplication of services performed or charged to the Debtor's estate. *See* Schwartz Decl., ¶ 5.

### RELIEF REQUESTED

5. By this Application, the Committee respectfully requests the Court enter an order, substantially in the form attached hereto as **Exhibit 1**, authorizing the Committee to employ and retain Schwartz Law as its Nevada counsel in connection with this Case pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, with compensation to be at the expense of the Debtor's estate and in such amounts as this Court may allow pursuant to Section 330(a) of the Bankruptcy Code.

6. The Committee selected Schwartz Law to further the efficient administration of Debtor's estate on behalf of the Committee and the creditor constituency it serves. The Committee seeks to retain Schwartz Law effective as of February 22, 2023, the date that Schwartz Law began providing services to the Committee. The Committee believes that such retention is appropriate in the Case because the Committee required Schwartz Law's assistance prior to such time as a retention application could be submitted to the Court due to the exigencies of this Case, and the Firm provided services to the Committee beginning February 22, 2023.

### SCOPE OF EMPLOYMENT

7. The Committee anticipates that Schwartz Law will work together with Sheppard Mullin by advising the Committee with respect to Nevada law and local practice and supplementing the services of Sheppard Mullin when necessary. The professional services that Schwartz Law may render to the Committee include, but are not limited to, the following:

   a. Advising and representing the Committee in its consultations with the Debtor regarding the administration of the Case;

   b. Advising and representing the Committee with respect to the Debtor's retention of professionals and advisors in the Case;

   c. Advising and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens, and participating in and reviewing any proposed asset sales, asset dispositions, financing arrangements, and cash collateral stipulation or proceedings;

    d. Advising and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

    e. Advising and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this Case or to the formulation of a plan of reorganization or liquidation;

    f. Advising and representing the Committee in its analysis of, and any objection to, any disclosure statement;

    g. Advising and representing the Committee in its participation in the negotiation, formulation, or objection to any plan of liquidation or reorganization;

    h. Advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

    i. Advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

    j. Providing such other services to the Committee as may be necessary in the Case.

*See* Schwartz Decl., ¶ 11.

8. The Committee believes that it is necessary to employ counsel to render the foregoing professional services so that it may properly meet its obligations and discharge its duties under the Bankruptcy Code. Further, the Committee believes that Schwartz Law is well-qualified to handle the legal matters described in the Application.

## **SCHWARTZ LAW'S QUALIFICATIONS**

9. The Committee selected Schwartz Law as its Nevada counsel because of the Firm's significant experience and knowledge in the field of debtors' and creditors' rights and business reorganizations, including under Chapter 11 of the Bankruptcy Code. Schwartz Law and its professionals have represented debtors, creditors, trustees, lenders, and official and ad hoc committees of creditors in a variety of insolvency matters, from out-of-court restructurings to Chapter 11 proceedings, asset sales, and insolvency-related litigation. *See* Schwartz Decl., ¶ 6.

10. Samuel A. Schwartz is the principal of Schwartz Law and has over 25 years of experience in corporate bankruptcy and restructuring matters. Mr. Schwartz graduated law school in 1997. Before forming Schwartz Law, Mr. Schwartz founded his own law firm and worked for

large law firms in Las Vegas, Chicago, and Miami, serving as general bankruptcy and restructuring counsel for clients such as: W.R. Grace and Company, Trans World Airlines, Zenith Electronics and Jitney-Jungle Stores of America, Inc., among others. Mr. Schwartz is admitted to the state bars of Nevada, Illinois, Florida, and Arizona. *See id.*, ¶ 7.

11. Gabrielle A. Hamm is Of Counsel to Schwartz Law. Ms. Hamm's practice concentrates on commercial bankruptcy matters and insolvency-related litigation. Ms. Hamm has represented a wide range of debtors, creditors, trustees, and official and ad hoc committees of creditors in some of the largest Chapter 11 cases filed in the District of Nevada and other venues throughout the United States. Ms. Hamm is admitted to the state bars of Nevada and Texas. *See id.*, ¶ 8.

12. Athanasios E. Agelakopoulos has over 17 years of experience in commercial bankruptcy matters and insolvency-related litigation. Mr. Agelakopoulos graduated law school in 2003 and prior to joining Schwartz Law, spent time practicing in both the public and private sectors. Additionally, Mr. Agelakopoulos spent over 7 years as a trial attorney in the Las Vegas Field Office of the United States Trustee Program ("USTP"). Mr. Agelakopoulos' litigation efforts with the USTP in several instances resulted in coverage by local and national media, including *Law 360 (Bankruptcy)*. Mr. Agelakopoulos is admitted to the state bars in Nevada, Georgia, and Delaware. *See id.*, ¶ 9.

13. Bryan A. Lindsey has over 15 years of experience in a wide range of business and real estate transactions and has extensive experience in representing clients in matters related to individual and corporate bankruptcies, restructurings, and commercial and real estate litigation. Mr. Lindsey is admitted to the state bar of Nevada. *See id.*, ¶ 10.

14. Based on Schwartz Law's demonstrated qualifications, the Committee believes that Schwartz Law is well qualified to represent the Committee and assist Sheppard Mullin.

**COMPENSATION**

15. Subject to this Court's approval, the Committee has agreed to retain and employ Schwartz Law on an hourly basis, with compensation for services and reimbursement of expenses to be paid from the Debtor's estate under Sections 330, 331, 503, and 507 of the Bankruptcy Code,

together with reimbursement of actual, necessary expenses and other charges incurred by Schwartz Law according to its customary reimbursement policies. *See* Schwartz Decl., ¶ 12.

16. The Committee and Schwartz Law do not have an engagement agreement but intend for this Application and the Court's order approving the retention and employment to govern Schwartz Law's employment in this Case, with the Court retaining jurisdiction to resolve any issue that might arise. *See id.*, ¶ 13.

17. The hourly rates for Schwartz Law attorneys who will provide legal services on behalf of the Committee range from $385 to $895. The hourly rates for Schwartz Law paraprofessionals range from $255 to $280. The Firm's rates vary with the experience and seniority of the individuals assigned and are set at a level designed to compensate Schwartz Law fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Schwartz Law's hourly rates are subject to periodic adjustment in the normal course of Schwartz Law's business to reflect economic and other conditions, including the increased experience of a particular professional. *See id.*, ¶ 14.

18. The hourly rates and corresponding rate structure Schwartz Law will use in this Case are the same rates and structure the Firm uses in other restructuring and non-restructuring matters. Schwartz Law's rates reflect the complexity and severe time pressures common in restructuring matters, are consistent with the rates that comparable skilled practitioners would charge for substantially similar work, and are market-based rates designed to compensate Schwartz Law for its work in a fair and equitable manner. *See id.*, ¶ 15.

19. Consistent with Schwartz Law's policy, it will charge the Committee for reimbursement of actual and necessary expenses. These expenses include, among other things, costs for certain telephone charges, photocopying (at a reduced rate of $0.20 per page for black and white copies and a higher commensurate charge for color copies), travel, business meals (but not overtime meals), computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings. Certain charges are not separately charged under the rate structure as described above. *See id.*, ¶ 16.

20. Schwartz Law intends to apply to the Court for allowances of compensation for its fees and reimbursement of its expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee (the "Guidelines"), and further orders of this Court, for all services performed and expenses incurred after February 22, 2023. *See id.*, ¶ 17.

21. Subject to the Court's approval of the Debtor's *Motion for Administrative Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses and Professionals* [ECF No. 145], Schwartz Law intends to seek interim payment of compensation and reimbursement of expenses in accordance with the interim compensation procedures approved by the Court. Schwartz Law understands and agrees that if aggregate interim payments exceed the amount which is ultimately allowed by the Court, the Firm will be required to, and promptly will, repay the difference. *See id.*, ¶ 18.

22. Other than as set forth above, no arrangement is proposed between the Committee and Schwartz Law for compensation to be paid in the Case. Schwartz Law has not received any funds, including any retainer, from the Committee and its members or the Debtor's estate in connection with the proposed representation. Schwartz Law has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Section 504(b)(1) of the Bankruptcy Code. *See id.*, ¶ 19.

23. The Committee believes the hourly rates and expense policies of Schwartz Law, as specifically described above, constitute fair and reasonable terms and conditions for the retention by the Committee of Schwartz Law as its counsel in accordance with Bankruptcy Code Section 328(a). The Committee requests that Schwartz Law be allowed compensation for its services and reimbursement for its expenses upon submission of appropriate applications therefor in compliance with all applicable orders, rules, and guidelines and subject to review and approval of the Court, in accordance with Bankruptcy Code Sections 330 and 331 and Bankruptcy Rule 2016.

**CONNECTIONS WITH THE DEBTOR AND OTHER PARTIES**

24. In connection with its proposed retention in this Case, Schwartz Law conducted a conflicts check in its client database, which includes Schwartz Law's clients and known principals and affiliates of those clients, to determine whether the Firm has any connections with the Debtor, including any of its officers, directors, and equity security holders, the Debtor's creditors, any other party in interest, or their respective attorneys and accountants. *See* Schwartz Decl., ¶ 20.

25. Based on this review, to the best of the Committee's and Schwartz Law's knowledge, Schwartz Law does not have any present or prior connection with the Debtor, its creditors, other parties in interest, their respective attorneys and accountants, the Office of the UST or any employee thereof, except as set forth in the Schwartz Declaration. *See id.*, ¶¶ 21-23.

26. Except as disclosed in the Schwartz Declaration, to the best of the Committee's knowledge, neither Schwartz Law nor any of its employees represents or holds any interest adverse to that of the Committee, the Debtor, or the Debtor's estate in the matters on which the Firm is to be employed. *See id.*, ¶ 25.

27. Further, while Section 1103(b) does not incorporate the "disinterestedness" standard of Section 327(a) of the Bankruptcy Code, Schwartz Law, to the best of the Committee's knowledge, is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that the Firm and its professionals: (a) are not creditors, equity security holders, or insiders of the Debtor; (b) are not and were not, within two (2) years before the Petition Date, directors, officers, or employees of the Debtor; and (3) do not hold or represent an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. *See* Schwartz Decl., ¶ 26.

28. Should Schwartz Law discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, the Firm will promptly file a supplemental declaration. *See id.*, ¶ 27.

## CONCLUSION

WHEREFORE, the Committee requests that this Court enter an order, substantially in the form attached hereto as **Exhibit 1**: (a) authorizing the Committee to retain and employ Schwartz Law as co-counsel to the Committee pursuant to Sections 328(a) and 1103 of the Bankruptcy Code and on the terms described herein, effective as of February 22, 2023; (b) authorizing Schwartz Law to charge the hourly billing rates set forth in this Application; and (c) granting such other and further relief that the Court may deem just and proper.

Dated: March 22, 2023.

SCHWARTZ LAW, PLLC

*/s/ Samuel A. Schwartz*
SAMUEL A. SCHWARTZ
GABRIELLE A. HAMM
601 East Bridger Avenue
Las Vegas, Nevada 89101

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
ORI KATZ
JEANNIE KIM
Four Embarcadero Center, 17th Floor
San Francisco, California 94111

JENNIFER L. NASSIRI
1901 Avenue of Stars, Suite 1600
Los Angeles, California 90067

Proposed Counsel for the Official Committee of Unsecured Creditors

APPROVED:

*/s/ Bruce Hecht*
Bruce Hecht
Chairperson of the Official Committee of Unsecured Creditors of Aruze Gaming America, Inc.

# EXHIBIT 1

SCHWARTZ LAW, PLLC
SAMUEL A. SCHWARTZ, SBN 10985
saschwartz@nvfirm.com
GABRIELLE A. HAMM, SBN 11588
ghamm@nvfirm.com
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations

| ORI KATZ *(pro hac vice)* | JENNIFER L. NASSIRI *(pro hac vice)* |
|---|---|
|    Cal. Bar No. 209561 |    Cal. Bar No. 209796 |
| JEANNIE KIM *(pro hac vice)* | 1901 Avenue of Stars, Suite 1600 |
|    Cal. Bar No. 270713 | Los Angeles, CA 90067 |
| Four Embarcadero Center, 17th Floor | Telephone:   310.228.3700 |
| San Francisco, California 94111-4109 | Facsimile:   310.228.3701 |
| Telephone:   415.434.9100 | E-mail:   jnassiri@sheppardmullin.com |
| Facsimile:   415.434.3947 | |
| E mail   okatz@sheppardmullin.com | |
|    jekim@sheppardmullin.com | |

Proposed Counsel for the Official
Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. 23-10356-ABL<br>Chapter 11 |
| ARUZE GAMING AMERICA, INC., | |
| Debtor(s). | Hearing Date:   April 19, 2023<br>Hearing Time:   1:30 p.m. |

**ORDER AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF SCHWARTZ LAW, PLLC AS CO-COUNSEL TO <u>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

The Official Committee of Unsecured Creditors of Aruze Gaming America, Inc. (the "Committee") having filed its *Application for Order Authorizing and Approving the Retention and Employment of Schwartz Law, PLLC as Co-Counsel to the Official Committee of Unsecured Creditors* [ECF No. [•]] (the "Application"),[1] by which the Committee requested authority to retain and employ Schwartz Law, PLLC ("Schwartz Law") as the Committee's bankruptcy co-counsel under Sections 328(a) and 1103 of the Bankruptcy Code, and with such retention approved effective as of February 22, 2023; the Court having reviewed and considered the Application, and all matters submitted therewith; no objections to the Application having been filed or made at the hearing on the Application; the Court having held a hearing on the Application, with all appearances having been noted on the record; the Court having heard and considered the arguments of counsel; the Court having made its findings of fact and conclusions of law on the record at the hearing, which findings of fact and conclusions of law are incorporated into this Order by reference under Rule 52 of the Federal Rules of Civil Procedure, made applicable here under Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure; and good cause appearing,

**IT IS HEREBY ORDERED:**

1. The Application is GRANTED.

2. The Committee is authorized to retain and employ Schwartz Law, effective as of February 22, 2023, pursuant to Sections 328(a) and 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, as the Committee's bankruptcy co-counsel to render legal services to the Committee as described in the Application.

3. Schwartz Law shall be compensated for its fees and expenses incurred on behalf of Committee from the Debtor's estate in accordance with the applicable provisions set forth in Sections 330 and 331 of the Bnakruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, the Guidelines, and such other procedures as may be fixed by order of this Court.

/ / /

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Application.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Respectfully Submitted,

SCHWARTZ LAW, PLLC

*/s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Gabrielle A. Hamm, Esq.
601 East Bridger Avenue
Las Vegas, Nevada 89101

Proposed Co-Counsel for the Official
Committee of Unsecured Creditors