Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
Email: *edward.m.mcdonald@usdoj.gov*
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6602
Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re:<br><br>**ARUZE GAMING AMERICA, INC.,**<br><br>    Debtor. | Case No: 23-10356-ABL<br>Chapter 11<br><br>Date: July 26, 2023<br>Time: 9:30 a.m.<br>Location: Foley Crtrm. 1, Telephonic |

**OBJECTION AND RESERVATION OF RIGHTS OF THE U.S. TRUSTEE TO THE AMENDED FIRST INTERIM APPLICATION FOR AWARD AND ALLOWANCE FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED BY SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP FOR THE PERIOD FEBRUARY 22, 2023 THROUGH MAY 31, 2023**

To the Honorable AUGUST B. LANDIS, Chief United States Bankruptcy Judge:

Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), by and through her

undersigned counsel, hereby files her objection (the "Objection") and reserves her rights with

respect to the *Amended First Interim Application for Award and Allowance for Compensation for Services*

*Rendered and Reimbursement of Expenses Incurred By Sheppard, Mullin, Richter & Hampton, LLP*

*for the Period February 22, 2023 Through May 31, 2023* [ECF No. 417] ("SMRH Application"), which

seeks the interim award of fees of $520,857.50 and expenses of $4,696.06 for Sheppard, Mullin,

Richter & Hampton, LLP ("SMRH") as co-counsel for the official committee of unsecured creditors

("OCUC") in a case filed by captioned debtor Aruze Gaming America, Inc. ("Debtor").[1]

---

[1] Unless otherwise noted: "Section" refers to a section of title 11 of the United States Code, 11
U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of

## INTRODUCTION

The Fee Application should be denied to the extent that it seeks (i) allowance of fees for services described in "lumped" or block-billed time entries ($3,794.00), (ii) allowance of fees for services described in vague time entries ($7,992.50), (iii) fee awards for transitory billers who all billed less than three hours in this case ($3,220.00), (iv) unnecessary duplication whereby move than one SMRH attorney appeared at a hearing ($2,754.50), (v) unnecessary duplication in the form of either paralegals or attorneys performing the same tasks at the same time ($2,845.50), and (vi) tasks billed by a senior partner that are better suited to an associate ($1,626.00).  Accordingly, the Court should reduce the requested fees by **$22,232.50** to address the issues identified above.

The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Objection.

## MEMORANDUM OF POINTS AND AUTHORITIES
## BACKGROUND FACTS

1.      On February 1, 2023, Debtor filed a voluntary petition under Chapter 11 commencing this case.  [*See* ECF No. 1].

2.      No trustee has been appointed in this case and the Debtor remains in possession. [See generally Case Docket].

3.      On February 17, 2023, the U.S. Trustee appointed the OCUC, which the U.S. Trustee amended on March 1, 2023.  [*See* ECF Nos. 71 & 103].

---

Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; and "ECF No." refers to documents filed in case 23-10356-ABL.  The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in these cases, pursuant to FRBP 9017 and FRE 201. To the extent that the objection contains factual assertions predicated upon statements made by the OCUC, SMRH, SL, or their agents, attorneys, professionals, officers, directors or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

2

4.      The Section 341 meeting of creditors was on March 9, 2023, April 6 and 20, 2023, and May 11, 2023, and concluded.  [*See* ECF Nos. 2, 140, 215, 248, & 308].

5.      The Debtor is a "developer of gambling entertainment solutions for the global casino market, including video and mechanical stepper slots, traditional and electronic table games, and associated products."  [*See* ECF No. 19, p. 2 of 27; ¶5].

6.      On June 15, 2023, an auction was held of Debtor's assets and reportedly resulted in "sales of certain subsets of the Debtor's assets to Empire Technological Group, Inc. [. . .], Interblock USA L.C. [. . .], and First Savings Bank and National Servicing," which must still be approved by the Court.  [*See* ECF No. 432, p. 1 of 3; lines 25-27; *see generally* Case Docket].

7.      On March 22, 2023, Sheppard, Mullin, Richter & Hampton LLP ("SMRH") filed an application to employed as the OCUC's co-counsel [ECF No. 171], which was approved by an order entered on April 25, 2023 [ECF No. 257], which provides that no Section 328 relief was being granted [*see* ECF No. 257, p. 3 of 4; ¶4].

8.      On June 28, 2023, SMRH filed an interim fee application [ECF No. 417] ("SMRH Application"), supported by the declaration of Ori Katz [ECF No. 413] ("Katz Declaration"), for the period February 22, 2023 through May 31, 2023, which seeks fees of $520,857.50, expenses of $4,696.06, totaling $525,553.56, for 506.50 hours of work (all attorney hours), with a blended attorney hourly rate of $1,028.35.  [*See* ECF No. 417, pp. 1-4 of 145; *see also* Omnibus Declaration of Carla K. Cordero ("Cordero Declaration")].

9.      On March 22, 2023, Schwartz Law, PLLC ("SL") filed an application to employed as the OCUC's co-counsel [ECF No. 173], which was approved by an order entered on April 25, 2023 [ECF No. 258], which provides that no Section 328 relief was being granted [*see* ECF No. 258, p. 2 of 4; ¶3].

10.      On June 28, 2023, SL filed an interim fee application [ECF No. 410] ("SL Application"), supported by the declaration of Samuel Schwartz [ECF No. 411] ("Schwartz Declaration"), for the period February 22, 2023 through May 31, 2023, which seeks fees of $98,594.50, expenses of $1,395.39, totaling $99,989.89, for 236.60 hours of work (split between

106.70 attorney hours and 129.90 paralegal hours), with a blended attorney hourly rate of $589.65 and a blended paralegal hourly rate of $274.67.  [*See* ECF No. 410, pp. 1-3 of 76; *see also* Cordero Declaration].

11.   When the total OCUC attorney fees sought are divided by the total OCUC attorney hours worked, the result is an overall OCUC attorney blended hourly rate of $952.01, which is approximately 146.46% that of the blended attorney hourly rate of $650.00 for Debtor's Counsel, Larson & Zirzow.   [*See* ECF No. 421, pp. 1-4 of 99; *see also* Cordero Declaration].

## **ARGUMENT**

12.   Bankruptcy Code Section 330(a)(1) provides that:

> [a]fter notice to the parties in interest and the United States Trustee
> and a hearing, and subject to sections 326, 328, and 329, the court
> may award to a trustee, … an examiner, … or a professional person
> employed under section 327 or 1103 –
>
> (A) *reasonable compensation for actual, necessary services* rendered by the
> trustee, examiner, professional person, … or attorney and by any
> paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

*See* 11 U.S.C. § 330(a)(1)(A) and (B) (emphasis added).[2]

13.   The fee applicant bears the burden of proof to show entitlement to the requested fees.  *See In re Eliapo*, 298 B.R. 392, 402 (B.A.P. 9th Cir. 2003), *rev'd in part on other grounds*, 468 F.3d 592 (9th Cir. 2006); *In re Ginji Corp.*, 117 B.R. 983, 990 (Bankr. D. Nev. 1990) ("The applicant … has the burden of proof to show the reasonableness of the fees sought.").

14.   A professional person may not be compensated for services that are unnecessarily duplicative.  *See* 11 U.S.C. § 330(a)(4)(A)(i); *see also In re Genay-Wolf*, 2012 WL 2064527, at *2 (Bankr.

---

[2] *See also* LR 2016 and United States Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 at 28 C.F.R. Pt. 58, Appendix A.

D. Idaho June 7, 2012) ("The Court cannot allow compensation for unnecessary duplication of services ….").

15.    Nor may a professional person be compensated for services that are excessive in relation to the task accomplished.  *See In re Mohsen*, 473 B.R. 779, 792 (Bankr. N.D. Cal. 2012); *In re SonicBlue Inc.*, 2006 WL 2067882, at *3 (Bankr. N.D. Cal. July 24, 2006) ("[h]ours that are excessive, redundant, or unnecessary in view of the services performed should not be compensated").  A court may rely on "its own experience" in determining whether billings are excessive.  *See In re Rancourt*, 207 B.R. 338, 363 (Bankr. D.N.H. 1997).

16.    "The primary method used to determine a reasonable attorney fee in a bankruptcy case is to multiply the number of hours expended by an hourly rate."  *In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983).

17.    A professional person should not be compensated for services that are excessive in relation to the task accomplished.  *See In re Mohsen*, 473 B.R. 779, 792 (Bankr. N.D. Cal. 2012); *In re SonicBlue Inc.*, 2006 WL 2067882, at *3 (Bankr. N.D. Cal. July 24, 2006) ("[h]ours that are excessive, redundant, or unnecessary in view of the services performed should not be compensated").  A court may rely on "its own experience" in determining whether billings are excessive.  *See In re Rancourt*, 207 B.R. 338, 363 (Bankr. D.N.H. 1997).

18.    Courts also apply the twelve "Johnson Factors" is assessing whether attorney fees are reasonable, these include:

        (1) The time and labor required;
        (2) The novelty and difficulty of the questions;
        (3) The skill requisite to perform the legal service properly.
        (4) The preclusion of other employment by the attorney due to acceptance of case;
        (5) The customary fee;
        (6) Whether the fee is fixed or contingent;
        (7) Time limitations imposed by the client or the circumstances;
        (8) The amount involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys;
(10) The "undesirability" of the case;
(11) The nature and length of the professional relationship with the client; and
(12) Awards in similar cases.

*See In re Pacific Express, Inc.*, 56 B.R. 859, 862-63 (Bankr. E.D. Cal. Dec. 31, 2985) citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

19.     However, "[t]he bankruptcy court has 'a great deal of discretion' in its decision about the reasonableness of the fee."  *See Sunset Coast Holdings, LLC v. Hughes Inv. P'ship, LLC (In re Tower Park Properties, LLC)*, BAP No. CC-20-1223-GFL, 2021 Bankr. LEXIS 455 at *13 (B.A.P. 9th Cir. Feb. 26, 2021).

20.     When awarding compensation under Section 330(a), the Bankruptcy Court has discretion to award a reasonable hourly rate that is lower than the standard rate, when (as here) no fee arrangement is approved under Section 328(a). *See Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960-61 (9th Cir. 1991).

21.     The SL Fee Application suffers from certain descriptive problems, including block billing, vague time entries, miscounted hours, and instances where a senior attorney was doing tasks better suited to associates.

### A.     Time Entries that are Lumped or Block Billed Should be Disallowed.

22.     SMRH's Fee Application contains time entries that are completely or partially 'block billed' or 'lumped' and seek fees totaling **$3,794.00**.  [*See* Cordero Declaration and Exhibit 4 thereto].[3]

23.     "Lumping of services (i.e., listing multiple activities in a single time entry) [. .].

---

[3] Exhibits 4 through 8 to the Cordero Declaration are charts of the U.S. Trustee's objections to specific time entries and the fees associated with those time entries.  The charts were created using Excel data provided by SMRH.  The ECF citation for each time entry is also set forth in Exhibits 4 through 8.  [*See* Cordero Declaration].

impairs the ability of the bankruptcy court to perform this analysis. Therefore, lumping or clumping is universally discouraged by bankruptcy courts because it permits an applicant to claim compensation for rather minor tasks which, if reported separately, might not be compensable. In other words, lumping prevents the bankruptcy court from determining whether individual tasks were expeditiously performed within a reasonable amount of time." *In re Stewart*, 2008 Bankr. LEXIS 4706 at *17-*18 (B.A.P. 9th Cir. March 14, 2008) (citations omitted); *see also In re Douglas*, 349 B.R. 836, 844 (Bankr. E.D. Wash. Sept. 14, 2006). [4]

24.     Accordingly, time entries that are partially or completely block billed or lumped should be disallowed.

**B.     Fees for Services Described in Vague Time Entries Should be Disallowed.**

25.     SMRH's time records include time entries for which the task description may be too vague to allow the Court to make a meaningful assessment of the necessity of the communication and/or services described therein.  [*See* Cordero Declaration and Exhibit 5 thereto].  The corresponding fees total approximately **$7,992.50**.  [*Id.*]

26.     These time entries either do not adequately describe the subject of the task or do not disclose other parties to a communication.

27.     The fees associated with these time entries should be denied.[5]  *See, e.g., In re Soniblue Inc.*, 2006 WL 2067882, at *8 ("To enable the court to determine whether the services are

---

[4] The Bankruptcy Appellate Panel for the Ninth Circuit has found that a Bankruptcy Court's reduction of time entries by 20% for lumping was not an abuse of discretion. *See In re Stewart*, 2008 Bankr. LEXIS 4706 at *18 (B.A.P. 9th Cir. March 14, 2008).  Here, if the time entries containing lumping were reduced by 20%, the result would be a disallowance of $758.80 of fees.  [*See* Cordero Declaration and Exhibit 4].

[5] The time entries that do not adequately describe the services performed should, at a minimum, be reduced by 50% or $3,996.25.  [*See* Cordero Declaration Exhibit 5].

7

compensable, the timekeeper is also expected to identify the other party to the conference, meeting, telephone call, or correspondence. Where the time entry omits some critical element describing the services performed, it is not compensable."); *In re Virissimo*, 354 B.R. 284, 293 (Bankr. D. Nev. 2006) ("Vague entries and those that lump together different services are not compensable."); *In re Bennett Funding Group, Inc.*, 213 B.R. 234, 244-45 (Bankr. N.D.N.Y. 1997) ("[T]ime entries for telephone calls must indicate the parties involved and the purpose and length of the conversation.... Entries such as 'telephone call with Mr. X' are insufficient descriptions of services ....") (emphasis added).

28.     Alternatively, if the Court is inclined to consider these time entries, then SMRH should be required to amend the Fee Application to better describe the subject matter of the communications and services at issue.  The U.S. Trustee reserves her rights to object to any and all amendments and supplements to the Fee Application.

### C.     The U.S. Trustee Objects to Time Billed By Transitory Timekeepers

29.     The U.S. Trustee's review of SMRH's time records indicates that at least two SMRH attorneys, Michael M. Lauter and Robert L. Sahyan, each billed less than three hours during the case for a total of $3,220.00 in fees. [*See* ECF No. 417, p. 9 of 145; Cordero Declaration and Exhibit 6 thereto]. Timekeepers who work on large matters for only a few hours are often referred to as "transitory timekeepers." *In re Jefsaba*, 172 B.R. 786, 801 (Bankr. E.D. Pa. 1994) ("It is inappropriate for each new addition to the team to bill for time spent reviewing the file or otherwise familiarizing him or herself with the matter."). [*See* Cordero Declaration Exhibit 6].

30.     The primary concern with transitory billing is the cost of bringing attorneys up to speed "to the extent necessary to perform his or her task, and the theory goes that the cost of this education can be saved or minimized if attorneys already familiar with the case perform the service instead. This concern diminishes where the "transitory" timekeeper provides services on an ad hoc

basis within an area of expertise that is not possessed by the attorneys regularly assigned to the case or the task is so focused that it is unnecessary to spend time learning the details of the case." *In re Quigley Co.*, 500 B.R. 347, 362 (Bankr. S.D. N.Y. Oct. 24, 2013). 32. Thus, absent satisfactory explanation, the U.S. Trustee requests that the Court reduce any compensation allowed to SMRH in the amount **$3,220.00**, which is the amount of fees generated by the transitory timekeepers.

### E.    Fees for Multiple Attorneys at the Same Hearing Should be Disallowed

31.    "Unnecessary duplication of services results in excessive time that cannot be justified and is not compensable. § 330(a)(4). Normally, it is appropriate for only one attorney from a firm to attend a meeting, conference, or hearing. Absent an explanation, participation by multiple attorneys in the same meeting, conference, or hearing constitutes non-compensable duplicative services." *In re SonicBlue Inc.*, 2006 Bankr. LEXIS 1576 at *16-*17 (Bankr. N.D. Cal. July 20, 2006).

32.    SMRH's Fee Application lists a number of time entries indicating that multiple SMRH attorneys attended the same hearing on February 28, 2023, March 13, 2023, and March 14, 2023, with duplicate fees totaling **$2,754.50**.  [*See* Cordero Declaration Exhibit 7].

33.    The time entries for additional attorneys at a hearing should be disallowed.

### F.    Duplicate Time Entries and Redundant Staffing Should be Disallowed

34.    The Bankruptcy Code provides that "the court shall not allow compensation for—(i) unnecessary duplication of services."  11 U.S.C. § 330(a)(4)(A)(i).

35.    The Application contained several time entries where two attorneys appear to be doing the same task on the same day.  These time entries total **$2,845.50** and should be disallowed. [*See* Cordero Declaration Exhibit 8].

36.    Without clarification, the duplication of fees sought for these services should be eliminated.

9

**D.      Tasks Where a Partner Performed Tasks Better Suited to Associates.**

37.      The Firm's time records include approximately 2 entries where a senior partner did work, either basic analysis or attendance at a procedural hearing, better suited for a lower level attorney.  [*See* Cordero Declaration, p. 7; ¶24].  The corresponding fees total approximately **$1,626.00**.  [*Id*.]  *See In re Pacific Express, Inc.*, 56 B.R. 859, 862-63 (Bankr. E.D. Cal. Dec. 31, 2985)(citing to Johnson factor 2, the novelty or difficulty of a task).  Therefore, the fees sought for these entries should be denied or the hourly rate charged should be reduced so that it is commensurate with that of a mid-level attorney at SMRH.

## **CONCLUSION**

38.      Based on the foregoing, the U.S. Trustee respectfully requests that the Court sustain the Objection and deny the Fee Application in the amount of **$22,232.50** to the extent it seeks (i) allowance of fees for block-billed time entries, (ii) allowance of fees for vague time entries, (iii) allowance of fees for transitory billers, (iv) duplicative fees where more than one SMRH attorney appeared at the same hearing, (v) duplication in the form of redundant staffing, and (vi) tasks billed by a senior partner that are better suited to a lower level attorney**.**

39.      The U.S. Trustee reserves her rights to object to any and all amendments and supplements to the SMRH Fee Application and to SMRH's final application for fees.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court deny or reduce the objectionable fees in the fee application.

Dated: July 14, 2023

**TRACY HOPE DAVIS**
**UNITED STATES TRUSTEE, REGION 17**

By:      */s/ Edward M. McDonald Jr.*
Edward M. McDonald Jr., Esq.,
Trial Attorney